Good morning, Honors. Kevin Knutson appearing on behalf of Mr. Afridi. Good morning. Good morning. Okay, this case involves an aggravated felony in which my client admitted to having sexual intercourse with a person under the age of 18. The question is, does it amount to an aggravated felony? And the age requirement, there's several federal statutes dealing with the age requirements of minors and sexual abuse, and there's also some definitions. And it appears that the BIA has adopted a definition of the age of a minor as opposed to applying specific sexual abuse statutes to circumstances such as these. And I believe they've errantly relied upon that as opposed to, as the aggravated felony statutes say, that you have to have a similar crime under the federal law to apply a state crime to in order to make that determination. And I believe this falls outside of that and doesn't comply with their own law in dealing with this. And then another issue that was raised with the supplemental briefing was the jurisdictional issue. And I believe that the recent cases and the REAL ID Act have changed that in order to lift the jurisdictional bars to questions of law and questions of constitutional issues regarding discretionary decisions by the Board of Immigration Appeals and the immigration law judge. So in that case, excuse me, which brings to the point of the particularly serious crime and whether or not the determination by the judge that this was a particularly serious crime could be attacked or addressed by this court. And with the recent changes with the REAL ID Act, I believe, yes, it does, that the jurisdiction still is here to see that the proper law is followed in making that determination, even though some of those factors are discretionary in their nature. There still is a set of laws that are put forth by the BIA that have to be followed in making that determination. And this court recently in Rays, Rays said that the court must apply its own law in arriving at its decisions. And here there were specific laws that needed to be applied. that set out several factors that needed to be applied in order to make a determination whether or not a crime is particularly serious. And those factors deal with the nature of the crime, the underlying facts of the crime, the punishment that was inflicted, and whether or not there's a threat of society. Here I believe the immigration judge shortcutted this whole analysis when he made a determination that a minor was involved in this case. He just flat out said, minors involved, sex occurred, therefore he's a threat to society, and this is a particularly serious crime. He failed to look at the underlying facts of the conviction. And this was an incident with a hitchhiker that was 17 that initiated the contact. The appellant testified to all the underlying facts of this case. There was no evidence to refute those allegations, or excuse me, refute the facts as he recited them from occurring on this. The judge, the sentencing judge in the trial court looked at the facts of this case and placed him on probation, gave him 180 days, recommended that he be placed on work project, and he also told him that if he'd get in trouble with immigration, I'll recommend that you not be deported. Unfortunately, that recommendation wasn't followed through because it needed to be done at a much shorter time than he found out 10 years later after the time it expired to get that recommendation. And then as far as the threat to society, I mean, the sentencing judge already reduced this from a felony to a misdemeanor. Therefore, he believed that it wasn't a threat to society, that this person would be able to continue out in society, not posing a threat to other minors. And then as far as whether or not there was a factor dealing with violence, the judge in this case thought that he posed a threat because it was a minor, and the threat of force was great because of that. But here, recently in Valencia v. Gonzalez, this Court found that this did not amount to a crime of violence for aggravated felony purposes. And I think that reasoning can be applied to the particularly serious crime issue also. If we agreed with you that as a legal matter, not all of the elements of Frantescu were considered, that he didn't consider the underlying facts, but he did consider everything else, and we remanded it, and then the judge considered that and made a decision, would that then be reviewable in any way? I think you'd still have the ability to review the decision based on whether or not it was a proper application of that law to the facts or any other constitutional challenges to that. What relief are you seeking? Well, I believe withholding of removal would be part of the relief that he would be eligible for. I probably wasn't very precise. I'm sorry. From the Court of Appeals. We can't withhold anybody's removal. Well, sure. I'd like this Court to remand it back to the trial court so that this can be considered and the additional evidence can be taken and considered by the judge regarding the underlying offense. I believe there was a great deal of information that this judge could have considered but refused to do so or failed to do so. Is that only as to whether this was a serious crime or any other issue? Well, I still believe that if you were writing the last paragraph of the decision for Judge McKeon. You said to the trial court, by the way, you mean the BIA or? Well, I believe the trial court is going to ultimately be the one that's going to have to take the evidence. I don't believe the BIA is going to look at the evidence or take any additional evidence regarding this issue. What do you mean by the trial court? Well, I mean the immigration law judge. All right. To make that clear for you. I lost my track of thought on the question that you just asked. Well, Judge McKeon asked you what you want from us. Yes. You want a remand for what purpose? Just the one purpose. Was this a serious crime or any other issue? Well, the other issue is regarding whether or not this is an aggravated felony. That's the other issue that I would like the court to address and the remand to address that issue. Do you want to save your remaining time? Yeah, I'll reserve the remaining. Ms. Taylor, maybe you could address the one thing that troubles me some. It seems that the – in the BIA opinion, they hit about two and a half of the four frantescue factors. And the question is, does the BIA have the capacity to do that? Do they need to address them all? And if so, would this just be appropriate for a remand so they could address it? Well, Your Honor, your question is premised on a few assumptions that I – that the government feels are incorrect. All right. I'm happy to be educated. Well, it's our position, first of all, that the court does not have jurisdiction to look at the frantescue factors. Actually, there are two jurisdictional bars. The immediate one that would pertain most narrowly to the particular serious crime inquiry is the discretionary bar found at INA 242A2B. And this Court has held in both a pre-real ID case and in a post-real ID decision that that bar applies to frantescue factors. The pre-real ID is Matsuk, and the post-real ID is Unukwalo. It's cited in the briefs. Well, what if, as a matter of law, the BIA applied the wrong standard? Well, Your Honor – That isn't discretion, is it? I actually think it is discretion, Your Honor. So it's not an incorrect standard? Well, it's – for example, in the two cases that the court brought to the party's attention in supplemental briefing, those were cases where the Fourth Circuit and the Sixth Circuit looked at the very question that you're considering. And those arose under – in a different posture, under a different evolution of immigration law, which is constantly changing. And so there was no jurisdictional bar that applied in those cases. But interestingly enough, the analysis was an abusive discretion analysis and not a legal analysis. And so those decisions which the court brought to our attention were decisions looking at discretion. And under the new INA 242A2D, the court now has jurisdiction to look at constitutional issues and legal issues, but discretionary issues are still barred. Well, that's really – it's not a constitutional issue, I don't think, as framed. And if the Attorney General or the BIA determines in its discretion something meets such-and-such, that in itself wouldn't be reviewable. This is kind of in that middle ground where if you're supposed to look at four things in order to exercise your discretion and you don't look at them, is that then a legal question that we look at, leaving the actual discretion in the end, of course, to the Attorney General and the BIA? Well, again, Your Honor, I think that is a discretionary – that is a discretionary determination because those four factors are for the board to choose among. And in the Sixth Circuit case that this court brought to our attention, that's exactly what that court held. And then there's another assumption embedded in the question, which is that the board didn't look at all four factors. And as set out in our supplemental brief, even though our position is that you shouldn't look at it, if you do, the board did actually look at all four Francescu factors. Okay. Let me go back. Well, let me ask you about that. It seemed that they didn't talk about the facts and circumstances of the crime. They talked about everything else but that in the decision. So where in the decision would you point to – excuse me, I'm going to pull it, which case we might be able to demur on the jurisdiction issue. I think we're supposed to decide it. I'm just kind of looking at the – I think it's a one-paragraph part of the opinion. It's the record on four. Yes. I'm on that page, too. And it's – actually, I thought it was nicely set out in our supplemental brief on page 8. So I'm going to rely on it a bit. In terms of the nature of the conviction, I guess the court agrees that the board did address that. It's the circumstances. Well, first of all, the circumstances are that we're dealing with a minor. I mean, that's another argument, really, that I'd like to flesh out. And really, the minority of the child is the most compelling circumstance that the board did point to. Also, the board pointed to the numerous – I mean, Mr. Afridi is a chronic criminal offender. And actually, when this took place, he was detained for his latest crime and was serving a sentence of two years. So that's the context that the board was considering when it was looking at these – at the second Francescu factor. One more Francescu factor that the court should consider if it reaches Francescu is that Francescu held that a crime against a person is invariably considered a particularly serious crime rather than a crime against a property crime. And I would – and I think the court could easily read into that, that a crime against a minor is even more in the particular serious crime arena. So in other words, you're saying that because it was a minor and because minors – that poses a public danger, et cetera, that that was enough of the circumstances and they didn't have to get so detailed about, well, it was a hitchhiking situation. And he got her drunk and, you know, yes. Just a matter of common sense looking at this, a crime of a 17-year-old girl coming up and offering to have sex for $60 doesn't seem like really the kind of crime that would be a removal before. Well, Your Honor, again, the question really is whether the board's evaluation of that crime is within the realm of a possible construction of the term. And as long as it's in that arena, I think it was in Ramirez Perez that this court held that the role of the court is to ensure that the board does not stray from the wide range, in other words, the outer limits of what the term could mean. And surely this circumstance – I'm sorry, I don't want to interrupt you. The circumstance as characterized by Mr. Efride, even in that characterization, falls within the realm. So you're saying that all the BIA had to do was look at the definition of the crime, sexual intercourse with someone under 18, without looking at any other facts and circumstances surrounding what occurred, that she may have solicited the sex? Well, Your Honor, as you know, this court analyzes under the categorical approach and the modified categorical approach. But we're talking about a serious crime question. Oh, you're talking about the particular serious crime question. Yes. I'm sorry, I thought you were talking about the removability question now. The board is controlled by Francescu, but this court is controlled by the jurisdictional bar. Well, if the BIA is controlled by Francescu, why wouldn't we be applying Francescu? Well, because the – let me look at it another way. The Francescu factors themselves are kind of – they're not clear-cut. It's not like a minor that is a 17-year-old a minor or not. That is a clear legal question. But the Francescu factors talk about nature of conviction, they talk about circumstances, they talk about danger to community. Those are all the kinds of things that require a weighing of the evidence and of comparing it to other cases that they see. And this court is simply not in a position to enter into that weighing. But why couldn't we remand it back for them to apply all those things that you say are binding on the BIA? It doesn't look like they discussed, for example, danger to the community. And it's pretty hard to see there's a big danger to the community for future situations where somebody that's 17 years old is soliciting sex. If you were a board member rather than a judge, Your Honor, and were looking at this record, let me assure you that Mr. Afridi has shown himself to be quite a danger to the community, because in addition to this crime, he has – Now, do we look at him generally as whether he's a danger to the community, or do we look at it's a danger to the community because this crime was committed? Well, again, the board would look at – would be entitled to look at danger to the community and the circumstances and look at the whole picture. As related to this crime, though, wasn't it? As related to this crime, that's right. Let me try it a different way. If they didn't cite Francescu and they just said we think this is a serious crime, would we have jurisdiction on the legal issue to say you didn't look – you don't need to cite Francescu, but you didn't even try to go through any of the factors of Francescu other than the conclusion. Do you think we would have jurisdiction in that case? This is precisely the situation that this Court addressed in Ramirez-Perez when it was looking at the hardship in a cancellation context, which is, you know, similar because it's also a discretionary decision. And in Ramirez-Perez, this Court held that it has due process jurisdiction, which is essentially, I think, what you're speaking of, if I understand you correctly, but that it is very narrow, that it is limited to ensuring that the Board does not stray from the wide range, in other words, from the very limits. And the analysis of Ramirez-Perez talks about if the BIA, for example, said, oh, this isn't a hardship just because, or if they said, oh, well, you have a child, so this is a hardship. And it was that, if it were that extreme, then the Court could say, oh, this is a due process violation. But I don't think anybody, is there something between a due process violation and the Court getting into the detailed factors that the Board needs to apply? The real question here, it seems to me, is whether, well, one of the Francescu factors, are they factors to be considered among others? In other words, are they mandatory? And if it were mandatory that you consider each one, then wouldn't it be a legal question whether they considered it, not how they considered it? So maybe there's two parts to that question. One, do you think they're mandatory, or are they just sort of among factors to be considered? And if they're mandatory, then wouldn't that give us legal discretion? Well, I think they're among factors that should be considered. And I don't think that you have jurisdiction to consider it. No, but the question is that you said a few moments ago that the Board had to apply the Francescu factors. Dan, if I said, I'm out of time, may I answer, please? You said the Board is controlled by Francescu. All right. But that doesn't, what I did not mean to say, and I'm glad you brought that to my attention, Your Honor. I did not mean to say that there was a particular formula that they had to apply all four in some combination. They can apply one, they can apply some, they can apply something other than what's mentioned in Francescu. So they're not controlled by Francescu? Maybe what I should have said is they're guided by Francescu. That would have been a better way to phrase it. All right. Any other questions? Thank you. Thank you, Your Honor. Do you have anything to follow? No. All right. The case just argued is Free v. Gonzalez. It's submitted.
judges: Hug, Alarcon, McKeown